IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

       Plaintiff,

vs.                                                                                                No. 15-cr-2605 RB

**OSCAR ALMANZA-VIGIL,**

       Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on (1) Defendant's Unopposed Motion for a Nonjury Trial, (2) the Government's Motion in Limine Regarding Rule 609 Evidence, (3) the Government's Motion in Limine for Admission of A-File Documents, (4) the Government's Motion in Limine to Exclude Evidence of Intent, (5) the Government's Motion in Limine to Preclude Evidence of Possible Penalties, and (6) the Government's Motion in Limine Regarding Expert Witness. (Docs. 14, 15, 16, 17, 49, and 55.)

The Court held a hearing on these motions on December 9, 2015. Having considered the submissions of counsel and being fully advised, the Court will grant Defendant's Unopposed Motion for a Nonjury Trial, the Government's Motion in Limine Regarding Rule 609 Evidence, the Government's Motion in Limine for Admission of A-File Documents, the Government's Motion in Limine to Exclude Evidence of Intent, and the Government's Motion in Limine to Preclude Evidence of Possible Penalties. The Court will reserve ruling on the Government's Motion in Limine Regarding Expert Witness until trial.

**I.     Background**

The Indictment charges Defendant with reentry after deportation in violation of 8 U.S.C. §§ 1326(a) and (b).  Defendant is a citizen of the Republic of Mexico.  In 1993, when he was nine years old, Defendant was brought to the United States.  On October 19, 2006, Defendant was charged under Colorado law with six counts relating to the distribution of methamphetamine on three dates in September 2006.  (Doc. 32-3.)  On August 24, 2007, Defendant pleaded guilty to one count of Distribution of a Controlled Substance – Schedule II (Methamphetamine), in violation of Colorado Revised Statutes §§ 18–18–405(1), (2)(a)(I)(A).  (Doc. 32-4.)  Defendant was sentenced to a term of imprisonment of four years.  (*Id.*)

On April 6, 2009, the Department of Homeland Security brought removal proceedings against Defendant because his conviction for distribution of a controlled substance qualified as an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii).  (Docs. 32-6; 32-7.)  On April 13, 2009, Defendant was deported to Mexico at El Paso, Texas.  (Doc. 32-8.)  On April 19, 2015, Defendant was arrested in Sunland Park, New Mexico.  (Doc. 1.)  As a result, Defendant was charged herein with reentry after deportation in violation of 8 U.S.C. §§ 1326(a) and (b).

**II.     Discussion**

   **A.     Defendant's Unopposed Motion for a Nonjury Trial**

Defendant wishes to waive his right to a jury trial.  The Government consents to a non-jury trial, but points out that Defendant's motion is insufficient to waive his right to a jury trial.

A criminal defendant's right to a trial by jury is a fundamental right.  *See Duncan v. Louisiana*, 391 U.S. 145, 149 (1968).  This right may be waived, however, if: (1) the waiver is in writing; (2) the government consents; (3) the trial court accepts the waiver; and (4) the waiver is

knowing, intelligent, and voluntary. *See* Fed. R. Civ. P. 23(a); *United States v. Robertson*, 45 F.3d 1423, 1431 (10th Cir. 1995). The Tenth Circuit has observed that the requirement that "a defendant give his written consent to waive the right to trial by jury is intended to impress him with the significance of the right relinquished and provide evidence of his consent to forego that right." *Robertson*, 45 F.3d at 1431.

While the Tenth Circuit does not require strict compliance with Rule 23(a)'s written waiver, the Tenth Circuit has held that the record must clearly demonstrate that the defendant's waiver of the right to a jury trial is voluntary, knowing, and intelligent. *Id*. Thus, the better practice is to comply with all the requirements of Rule 23(a), including the written waiver. *Id*. (stating that "Rule 23(a) should be complied with in all cases . . . .").

Defendant and his counsel signed and presented a waiver of Defendant's right to a jury trial. At the hearing, the Court conducted a colloquy and confirmed that such waiver is knowing, intelligent, and voluntary. The Government consented to the waiver. The Court accepted the waiver. In that the requirements of Rule 23(a) have been satisfied, the Court will grant Defendant's motion.

### B. The Government's Motion in Limine Regarding Rule 609 Evidence

The Government seeks a pretrial ruling that Defendant's criminal conviction is admissible for impeachment purposes in the event Defendant testifies. Federal Rule of Evidence 609(a) requires previous felony convictions to be admitted to impeach the testimony of a criminal defendant "if the probative value of the evidence outweighs its prejudicial effect to that defendant." Thus, the question presented is whether the probative value of Defendant's prior conviction for distribution of methamphetamine is outweighed by the prejudicial effect of this conviction to Defendant.

The Tenth Circuit has identified five factors the Court should consider in balancing the probative and prejudicial value of a prior conviction submitted for impeachment purposes: (1) the nature of the crime; (2) the time of conviction; (3) the similarity of the past crime to the charged crime; (4) the importance of the defendant's testimony; and (5) the degree to which the defendant's credibility is central to the case. *United States v. Sides*, 944 F.2d 1554, 1560 (10th Cir. 1991).

With regard to the first factor, "nature of the crime," the crime of distribution of methamphetamine does not contain an element of truthfulness or veracity, but this crime does call Defendant's truthfulness into question. *See id.* Regarding the second factor, "time of conviction," Defendant's conviction occurred in 2007, which is within the last ten years. With regard to the third factor, "similarity of the past crime to the charged crime," it is material that if the case proceeds to a non-jury trial, the Court will not use the prior conviction as propensity evidence. The fourth factor is the "importance of the defendant's testimony." If he testifies, Defendant's testimony will be important. The fifth factor is the "degree to which the defendant's credibility is central to the case." As with the fourth factor, Defendant's credibility will be important. Balancing these factors leads to the conclusion that the probative value of Defendant's prior conviction outweighs its prejudicial effect. Accordingly, if Defendant testifies, his prior conviction will be admissible for impeachment purposes. The Government's motion in limine will be granted.

        C.        **The Government's Motion in Limine for Admission of A-File Documents**

The Government seeks a pretrial ruling that Defendant's immigration records contained in his A-File are admissible as business records under Federal Rule of Evidence 803(6) and as public records under Federal Rule of Evidence 803(8). The Government states that the A-File

documents will be certified and accompanied by a declaration pursuant to Federal Rule of Evidence 902.

The Tenth Circuit has held that A-File records can be admissible as business records under Federal Rule of Evidence 803(6) or as public records under Federal Rule of Evidence 803(8).  *United States v. Medrano*, 356 Fed. Appx. 102 *5 (10th Cir. 2009) (unpublished); *United States v. Torres–Reyes*, 46 Fed. Appx. 925, 927–28 (10th Cir. 2002) (unpublished) (holding that while A-File documents "contain hearsay, they are admissible because they fall under an exception to the hearsay rule as records of regularly conducted activity pursuant to Fed. R. Evid. 803(6)"); *United States v. Arroyos–Serna*, 17 Fed. Appx. 844, 846 (10th Cir. 2001) (unpublished) (holding that a district court's decision to admit immigration documents after hearing foundational testimony from three witnesses was not an abuse of discretion).  Thus, the documents should be admitted provided the Government complies with Federal Rule of Evidence 803(6) or Federal Rule of Evidence 803(8).

### D.    The Government's Motion in Limine to Exclude Evidence

The Government seeks a pretrial ruling prohibiting Defendant from mentioning any claim that (1) Defendant was not aware he entered the United States illegally; (2) Defendant was under the mistaken belief that he was authorized to enter the United States; (3) Defendant was not aware of his prior deportation when he entered the United States; or (4) Defendant returned to the United States for a compelling reason.  Defendant responds that he does not intend to introduce such evidence, but he retains the right to introduce evidence of his mental state.

In order to obtain a conviction for violation of § 1326(a), the Government must prove the following elements: (1) the defendant was an alien at the time alleged in the indictment; (2) the defendant had previously been deported from the United States; (3) the defendant was found in

the United States having entered knowingly; and (4) the defendant had not received the consent of the proper legal authority to reapply for admission to the United States. *See* 10th Cir. Pattern Jury Inst. § 2.05.

The Tenth Circuit has recognized that 8 U.S.C. § 1326(a) is a regulatory statute which requires only general intent and thus an alien's belief he had not been previously deported was irrelevant. *United States v. Martinez-Morel*, 118 F.3d 710, 713 (10th Cir. 1997). The Tenth Circuit has explained that the "knowingly" requirement in the third element does not pertain to being found in the United States. *See United States v. Hernandez-Hernandez*, 519 F.3d 1236, 1239 n.4 (10th Cir. 2008). Accordingly, "[n]o intent to break the law – whether characterized as 'specific intent' or 'general criminal intent' – must be proved." *United States v. Miranda-Enriquez*, 842 F.2d 1211, 1212–13 (10th Cir. 1988). Simply put, the fact that a defendant was not cognizant of his legal status in the United States, was unaware of the prior deportation, had strong personal reasons to re-enter the United States (family, economic, or cultural), or had other compelling reasons to re-enter, is not relevant. *See Hernandez-Hernandez*, 519 F.3d at 1239; *Martinez-Morel*, 118 F.3d at 713. Thus, evidence of Defendant's mental state pertaining to his immigration status (such as evidence that Defendant was unaware he entered the United States illegally, Defendant forgot about his prior deportation, or Defendant returned to the United States for a compelling reason) would not be relevant to any of the elements of the charged crime. The Government's motion in limine will be granted.

  **E.**  **Government's Motion in Limine to Preclude Evidence of Possible Penalties**

The Government seeks a pretrial ruling prohibiting Defendant from mentioning the possible penalties Defendant may receive when he is convicted. Defendant responds that he does not intend to introduce such evidence, but he retains the right to introduce evidence of the

gravity of a decision to convict any person of a crime. This case is set for a non-jury trial. Accordingly, the Government's motion in limine will be granted.

>    F.    **The Government's Motion in Limine Regarding Expert Witness**

The Government plans to call Edward John Sanchez to testify about the methods and practices of fingerprint identification and analysis. The Government attached Mr. Sanchez's curriculum vitae and report to the motion. The Government seeks a pretrial ruling that (1) this testimony is admissible evidence under Federal Rules of Evidence 702 and 703, and (2) the witness has a reliable basis in knowledge and experience in the field of fingerprint analysis and identification. Defendant has not filed a response to the motion.

Federal Rule of Evidence 702 requires a district court to assess proffered expert testimony to ensure it is both relevant and reliable. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993) (scientific knowledge); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141, (1999) (technical and other specialized knowledge). "[T]he district court generally must first determine whether the expert is qualified 'by knowledge, skill, experience, training, or education' to render an opinion." *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc) (quoting Fed. R. Evid. 702). If the expert is sufficiently qualified, then "the court must determine whether the expert's opinion is reliable by assessing the underlying reasoning and methodology." *Id.* Although a district court has discretion in how it performs its gatekeeping function, "when faced with a party's objection, [the court] must adequately demonstrate by specific findings on the record that it has performed its duty as gatekeeper." *Goebel v. Denver & Rio Grande W. R.R. Co.*, 215 F.3d 1083, 1088 (10th Cir. 2000).

The Tenth Circuit has recognized that "[f]ingerprint identification has been used extensively by law enforcement agencies all over the world for almost a century," has an

7

"impressively low" error rate, and has achieved "overwhelming acceptance" by experts in the field." *United States v. Baines*, 573 F.3d 979, 990–91 (10th Cir. 2009). The Tenth Circuit has affirmed the admission of testimony of an expert on fingerprint analysis and identification in a § 1326 case. *See United States v. Avitia-Guillen*, 680 F.3d 1253, 1256 (10th Cir. 2012). Therein, the Tenth Circuit held that the district court's statement that the expert was qualified to testify as fingerprint examiner based on her "training, education, background and experience" fulfilled the gatekeeping function regarding the qualifications of the fingerprint expert. *Id.* The Tenth Circuit found it material that the expert's testimony was based on commonly used methods of fingerprint identification and the defendant never challenged the expert's methodology. *Id.* In that the same considerations apply to this case, the Court will reserve ruling on this motion until trial.

## IV. Conclusion

Defendant's Unopposed Motion for a Jury Trial, the Government's Motion in Limine Regarding Rule 609 Evidence, the Government's Motion in Limine for Admission of A-File Documents, the Government's Motion in Limine to Exclude Evidence of Intent, and the Government's Motion in Limine to Preclude Evidence of Possible Penalties will be granted. The Court will reserve ruling on the Government's Motion in Limine Regarding Expert Witness until trial.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Unopposed Motion for a Jury Trial, the Government's Motion in Limine Regarding Rule 609 Evidence, the Government's Motion in Limine for Admission of A-File Documents, the Government's Motion in Limine to Exclude

Evidence of Intent, and the Government's Motion in Limine to Preclude Evidence of Possible Penalties (Docs. 14, 15, 16, 17, and 49) are **GRANTED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**