IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                                                  No. CR 15-2605-RB

OSCAR ALMANZA-VIGIL,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the court on Defendant's Motion to Reconsider his Motion to Dismiss the Indictment (Doc. 51). The Government opposes the motion. (Doc. 52.) Having considered the arguments of the parties, relevant law, and being otherwise fully informed, the Court **DENIES** the motion.

**I.     BACKGROUND**

In 2006, the State of Colorado charged Mr. Almanza-Vigil with six counts pursuant to Colo. Rev. Stat. § 18-18-405. (Government Ex. 2.) Colorado charged Counts 1 through 3 for "DISTRIBUTION OF A CONTROLLED SUBSTANCE – SCHEDULE II," Counts 4 through 5 for "POSSESSION OF A CONTROLLED SUBSTANCE – SCHEDULE II – MORE THAN 1 GRAM," and Count 6 for "POSSESSION OF A CONTROLLED SUBSTANCE – SCHEDULE II – 1 GRAM OR LESS." (*Id.* at 1–2.) In reference to Counts 1 through 3, the information states that Mr. Almanza-Vigil "knowingly sold or distributed Methamphetamine, a schedule II controlled substance; in violation of section 18-18-405(1), (2)(a)(I)(A)" on or about three separate dates. (Government Ex. 2 at 3.) Mr. Almanza-Vigil pled guilty to Count 1. (Government Ex. 3). He was sentenced to four years of incarceration. (*Id.*)

When Mr. Almanza-Vigil was released from state custody, he was taken into ICE custody. (*Id.* at 7.) The U.S. Department of Homeland Security (DHS) determined that Mr. Almanza-Vigil's felony conviction was an aggravated felony pursuant to 8 U.S.C. § 1101(a)(43)(B) and initiated removal proceedings pursuant to section 238(b) of the Immigration and Nationality Act, 8 U.S.C. § 1228(b). (Government Ex. 4 at 1.) Mr. Almanza-Vigil was deported and crossed by foot at the El Paso, Texas border. (Doc. 42 at 21–22.)

Six years later, the United States Border Patrol arrested Mr. Almanza-Vigil in Doña Ana County, New Mexico. (Doc. 12.) Mr. Almanza-Vigil was indicted for reentering the United States after deportation under 8 U.S.C. § 1326(a) and (b). (*Id.*) Mr. Almanza-Vigil filed a Motion to Dismiss the Indictment, seeking to dismiss his charge for illegal reentry by challenging his underlying deportation order. (Doc. 31 at 5.) The Court held a hearing on October 21, 2015 to consider the matter (Doc. 42 at 1) and issued its Findings of Fact, Conclusions of Law, and Order Denying Motion to Dismiss the Indictment. (Doc. 50.) Mr. Almanza-Vigil then filed his Motion to Reconsider His Motion to Dismiss the Indictment, requesting that the court reconsider the "limited issue" of whether Mr. Almanza-Vigil had been previously convicted of an aggravated felony. (Doc. 51.) Mr. Almanza-Vigil does not request that the Court reconsider its finding that, even if Mr. Almanza-Vigil's conviction was not an aggravated felony, no reasonable probability exists that DHS would have granted discretionary relief. (*See* Doc. 50 at 22–23.)

## II.   DISCUSSION

The Federal Rules of Criminal Procedure do not provide for motions to reconsider pretrial rulings. However, the Tenth Circuit has recognized such a motion under the common law doctrine and considerations of judicial economy set forth in *United States v. Healey*, 376 U. S. 75 (1964); *see, e. g.*, *United States v. Corey*, 999 F. 2d 493, 495 (10th Cir. 1993); *United States v.*

*Anderson*, 85 F. Supp. 2d 1084, 1109–10 (D. Kan. 1999).   Motions to reconsider are essentially treated the same as motions to alter or amend judgment in the civil context under Fed. R. Civ. P. 59(e).   *Anderson*, 85 F. Supp. 2d at 1109–1110.   They should be granted only "to correct manifest errors of law or to present newly discovered evidence."   *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).   Whether to grant or deny a motion to reconsider is committed to the district court's sound discretion.   *Id.*

A noncitizen who is convicted of an aggravated felony "shall be conclusively presumed to be deportable from the United States."   8 U.S.C. § 1228(c).   The definition of an aggravated felony includes "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)."   8 U.S.C. § 1101(a)(43)(B).   18 U.S.C. § 924(c)(1)(D)(2) defines a "drug trafficking crime" as "any felony punishable under the Controlled Substances Act . . . ."   To determine whether a conviction for a state drug crime "is punishable" under the Controlled Substances Act, courts generally use a "categorical approach."   *Nijhawan v. Holder*, 557 U.S. 29, 37 (2009).   However, where the state conviction is based on a divisible statute, courts use a modified approach.   *Descamps*, 133 S.Ct. at 2281.

A statute is divisible when it "comprises multiple, alternative versions of the crime," or put another way, "alternative elements."   *See id.* at 2284 (using both definitions).   For example, a burglary statute is divisible if it prohibits "entry of an automobile as well as a building."   *Id. Descamps* did not change this analysis, noting instead that "caselaw explaining the categorical approach and its 'modified' counterpoint all but resolv[ed]" its case at bar.   *Id.* at 2283.   The Court criticized the dissent's attempt to "cast doubt on . . . prior holdings" that applied the modified categorical approach to statutes that the dissent argued " 'may not have been divisible' in

the way . . . just described." *Id.* at 2284 n.2. The Court noted that such previous decisions "rested on the explicit premise that the laws 'contain[ed] statutory phrases that cover several different . . . crimes,' not several different methods of committing one offense." *Id.* (quoting *Johnson v. United States*, 559 U.S. 133, 143 (2010)). The modified categorical approach is limited to divisible statutes "[b]ecause only divisible statutes enable a sentencing court to conclude that a jury (or a judge at a plea hearing) has convicted the defendant of every element of the generic crime[,]" in this case the Controlled Substances Act. *Id.* at 2290.

*United States v. Trent*, 767 F.3d 1046 (10th Cir. 2014) provided two methods for identifying divisible statutes. First, the majority in *Trent* noted that *Descamps* refers not only to "statutory phrases" but also to "alternative elements" to identify divisible statutes. *Id.* at 1058. The court noted "[t]he fact that a criminal statute lists alternatives does not necessarily mean that the alternatives are alternative elements" in every sense of the word. *Id.* (describing, for example elements for determining mens rea). The Court provided instead that "the key feature of divisibility in *Descamps* is that '[a] prosecutor charging a violation of a divisible statute must generally select the relevant element from its list of alternatives[;] . . . [a]nd the jury, as instructions in the case will make clear, must then find that element, unanimously and beyond a reasonable doubt." *Id.* at 1060 (quoting *Descamps*, 133 S.Ct. at 2290.) Consequently, "when only one alternative appears in the charging document or plea agreement . . . , the modified categorical approach 'permits a court to determine which statutory phrase was the basis for the conviction.' " *Id.* (quoting *Descamps*, 133 S.Ct. at 2285). Indeed, *Descamps*, instructs courts "When a state law is drafted in the alternative, . . . merely resort[ ] to the approved documents and compare[ ] the elements revealed there to those of the generic offense." *Descamps*, 133 S.Ct. at 2290 n.2.

Based on this method, Mr. Almanza-Vigil violated a divisible statute. The statute is

4

clearly "a state law . . . drafted in the alternative . . . ." *See id.* Colo. Rev. Stat. § 18-18-405(1) states, "it is unlawful for any person knowingly to manufacture, dispense, sell, distribute, posses, or to possess with intent to manufacture, dispense, sell or distribute a controlled substance. . . ." Like the burglary example, this statute includes several statutory phrases that constitute several crimes. *See Descamps*, 133 S.Ct. at 2285. Whereas the burglary statute prohibits "entry of an automobile" or "entry of . . . a building," *see id.* at 2284, § 18-18-405(1) makes it unlawful for a person to, among other crimes, "distribute . . . a controlled substance" or "possess . . . a controlled substance." A statute is divisible where the statute refers to a category that is defined through a divisible list in another statute. *Trent*, 767 F.3d 1046, 1055. Colo. Rev. Stat. § 18-18-204(1)(f)(I) further defines "Controlled Substance," creating a divisible statute relating to the type of drug. Hence, both *Trent* and *Descamps* direct the Court to look at "approved documents" which include the charging document, and "compare[ ] the elements revealed there to those of the generic offense." *Descamps*, 133 St.Ct. at 2290 n.2; *Trent*, 767 F.3d at 1060. The charging document charges Mr. Almanza-Vigil with "DISTRIBUTION OF A CONTROLLED SUBSTANCE" and identifies the substance as "METHAMPHETAMINE." (Government Ex. 2.) Hence, when the judge convicted Mr. Almanza-Vigil of this charge at the plea hearing, the judge necessarily convicted Mr. Almanza-Vigil of distributing Methamphetamine. *See Descamps*, 133 S.Ct. at 2290. Distribution of Methamphetamine is an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(B). Consequently, pursuant to *Trent*'s first method, Mr. Almanza-Vigil's conviction was correctly classified as an aggravated felony.

In another section, titled "Alternative Analysis," the court in *Trent* provided a second means to determine whether a statute is divisible. *Trent*, 767 F.3d at 1061. Here, the question is "[m]ust the jury agree unanimously on" the elements of the offense? *Id*. To answer this

question, *Trent* instructs courts to " 'consider how the state's courts generally instruct juries with respect to that offense.' "  *Id.* at 1062 (quoting *United States v. Royal*, 731 F.3d 333, 341 (4th Cir. 2013).

Based on this method, Mr. Almanza-Vigil also violated a divisible statute.  Colorado's model jury instructions for § 18-18-405(1) at the time of Mr. Almanza-Vigil's conviction provided,

> The elements of the crime of [**distribution**] [manufacturing] [dispensing] [sale] [possession] of a controlled substance are:
>
> 1. That the defendant,
>
> 2. in the State of Colorado, at or about the date and place charged,
>
> 3. knowingly or intentionally,
>
> 4. [[**distributed**] [manufactured] [dispensed] [sold] [possessed] [possessed with intent to [distribute] [manufacture] [dispense] [sell]], with or without remuneration,]
>
> or
>
> [4. [induced] [attempted to induce] [conspired with] one or more persons to
>
> 5. [distribute] [manufacture] [dispense] [sell] [possess with intent to [distribute] [manufacture] [dispense] [sell]], with or without remuneration,]
>
> 5 or 6. **The controlled substance**(s) _____.
> (**insert the name of a controlled substance from Schedules I through V**)
>
> [6. or 7 without the affirmative defense in instruction number _____ .]
>
> After considering all the evidence, **if you decide the prosecution has proven each of the elements beyond a reasonable doubt**, you should find the defendant **guilty** of [**distribution**] [manufacturing] [dispensing] [sale] [possession] of a controlled substance.

COLJI-Crim. No. 36.02 (1983) (emphasis added).  The instructions identify multiple potential crimes, one of which is distribution.  *Id.*  The instructions require that the court "insert the name

of a controlled substance from Schedules I through V." *Id.* As such, the "elements of the crime of . . . distribution" include distribution and the specific controlled substance identified. *Id.* Hence, if Mr. Almanza-Vigil had gone to trial instead of pleading guilty, the jury would necessarily have had to find that Mr. Almanza-Vigil distributed Methamphetamine in order to convict him. *See Descamps*, 133 S.Ct. at 2290. Distribution of Methamphetamine is an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(B). Consequently, pursuant to *Trent*'s second method, Mr. Almanza-Vigil's conviction was correctly classified as an aggravated felony.

## III. CONCLUSION

Mr. Almanza-Vigil cannot challenge his underlying deportation order pursuant to 8 U.S.C. § 1326(d). Mr. Almanza-Vigil's conviction pursuant to Colo. Rev. Stat. § 18-18-405(1) was an aggravated felony. Even if Mr. Almanza-Vigil's conviction was not an aggravated felony, no reasonable probability exists that DHS would have granted discretionary relief. (*See* Doc. 50 at 22–23). Thus, Mr. Almanza-Vigil's removal was not fundamentally unfair. As such the Court lacks jurisdiction to review the underlying deportation order.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Reconsider his Motion to Dismiss the Indictment (Doc. 51) is **DENIED**.

*[signature]*
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**