IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                          No. CR 15-2605 RB

OSCAR ALMANZA-VIGIL,

        Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Oscar Almanza-Vigil's Second Motion to Reconsider Defendant's Motion to Dismiss the Indictment. (Doc. 75.) The Government opposes the motion. (Doc. 77.) Having considered the arguments of the parties, relevant law, and being otherwise fully informed, the Court **DENIES** the Motion.

### I.  BACKGROUND

The factual background of this case is detailed in this Court's two prior orders denying Mr. Almanza-Vigil's motions to dismiss the indictment. (Doc. 64; Doc 50.) The relevant facts remain the same. On November 20, 2015, the Court ruled that Mr. Almanza-Vigil is statutorily barred from making a collateral attack on his underlying removal because the United States Department of Homeland Security (DHS) did not err in determining that a prior conviction was an aggravated felony. (Doc. 50.) The Court also ruled that Mr. Almanza-Vigil was not prejudiced by DHS's decision to classify the underlying conviction as an aggravated felony. (Doc. 50.) After Mr. Almanza-Vigil's motion to reconsider his motion to dismiss the indictment, the Court again determined that it lacked jurisdiction to review the underlying removal order because Mr. Almanza-Vigil's Colorado conviction was an aggravated felony, and that even if it were not an

aggravated felony, no reasonable probability existed that DHS would have granted discretionary relief. (Doc. 64.)

On December 14, 2015, the Court held a bench trial and found Mr. Almanza-Vigil guilty of Reentry of a Removed Alien, in violation of 8 U.S.C. § 1326(a) and (b), as charged in the indictment. (Doc. 67.) Mr. Almanza-Vigil then filed this second motion to reconsider his motion to dismiss the indictment, arguing that the court should reconsider his claim because the Court relied upon *United States v. Trent*, 767 F.3d 1046 (10th Cir. 2014) in the prior opinions dismissing Mr. Almanza-Vigil's motions. Mr. Almanza-Vigil believes that the Supreme Court overruled *Trent* in *Mathis v. United States*, 136 S. Ct. 2243 (2016). Mr. Almanza-Vigil asserts that the original Colorado statute he was convicted under was not divisible, and therefore should not have been used to determine whether he committed an aggravated offense for purposes of removal. (Doc. 77.)

## II.     LEGAL STANDARD

The Federal Rules of Criminal Procedure do not provide for motions to reconsider pretrial rulings, but they are essentially treated like motions to alter or amend judgments in the civil context. In *United States v. Healy,* 376 U.S. 75, 84 (1964), the Supreme Court held that a motion for rehearing or reconsideration of an order in a criminal case that is filed within the time permitted for an appeal renders final orders non-final. This rule was established for civil cases, but was then applied to criminal cases. Motions to reconsider should be granted only "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). Whether to deny or grant a motion to reconsider is committed to the district court's sound discretion. *Id*.

A noncitizen who is convicted of an aggravated felony "shall be conclusively presumed to be deportable from the United States." 8 U.S.C. § 1228(c). The definition of an aggravated felony includes "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in Section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B). 18 U.S.C. § 924(c)(1)(D)(2) defines a "drug trafficking crime" as "any felony punishable under the Controlled Substances Act…" To determine whether a conviction for a state drug crime is punishable under the Controlled Substances Act, courts generally use a "categorical approach." *Nijhawan v. Holder*, 557 U.S. 29, 37 (2009). However, when the state conviction is based on a divisible statute, courts use a modified approach. *Descamps v. United States*, 133 S. Ct. 2276 (2013). A statute is divisible when it "comprises multiple, alternative versions of the crime." *See id*. at 2284 (using both definitions).

### III.   DISCUSSION/ANALYSIS

This Court determined that Mr. Almanza-Vigil was convicted under a divisible statute. Because it is divisible, the statute is eligible to be reviewed using the modified categorical approach. When reviewed using the modified categorical approach, it is clear that the felony Mr. Almanza-Vigil committed was aggravated, with the result that he is ineligible for any relief that the Secretary of Homeland Security could have granted him in an exercise of discretion. *See* 8 U.S.C. § 1228(c) ("An alien convicted of an aggravated felony shall be conclusively presumed to be deportable from the United States."); *see also* 8 U.S.C. § 1229(b)(1)(c) (excluding aliens with convictions for an aggravated felony from discretionary cancellation removal).

Mr. Almanza-Vigil again attempts to collaterally attack his underlying removal order. This Court previously held that the entry of the final administrative order against him was not fundamentally unfair, and therefore should stand. (Doc. 50 at 7.) To prove that the removal

3

proceeding was fundamentally unfair, Mr. Almanza-Vigil must "demonstrate that any errors that occurred prejudiced him." *United States v. Aguirre-Tello*, 353 F.3d 1199, 1207 (10th Cir. 2004). To show prejudice, Mr. Almanza-Vigil must demonstrate a "reasonable likelihood that, but for the errors complained of, he would not have been deported." *Id*. at 1208-09. Mr. Almanza-Vigil has not shown that there is a reasonable likelihood that he would not have been removed from the United States by DHS.

### A.  *The Supreme Court's holding in Mathis does not support dismissing the indictment.*

This Court previously found that Colorado Revised Statute § 18-18-405 is a divisible statute, and therefore appropriately categorized Mr. Almanza-Vigil's conviction as an aggravated felony. (Doc. 64 at 4.) In the prior two orders denying dismissal of the indictment, this Court comprehensively addressed the issues related to determining whether Mr. Almanza-Vigil committed an aggravated felony and determined that he did. (Doc 50; Doc. 64.) The Supreme Court's holding in *Mathis*, 136 S. Ct. 2243 (2016), does not change that conclusion. In *Mathis*, the Supreme Court resolved a Circuit split over the issue of whether a defendant's crime of conviction can count as a predicate offense under the Armed Career Criminal Act, 18 U.S.C. § 924(e), when the statute of conviction sets out multiple means by which the defendant can satisfy an element of the offense. *Mathis* identified the difference between indivisible and divisible statutes and between elements and means. When a statute sets out a single set of elements to define a single crime, the categorical approach is used. *Mathis*, 136 S. Ct. at 2248. When a single statute lists elements and defines multiple crimes, the sentencing court should and must use a modified categorical approach. *Id*. at 2249. The Supreme Court again held that courts

must look to the elements of the offense, not the means by which the defendant committed the crime. *Id*. at 2256.

*Mathis* overturned parts of *Trent*, but it did not entirely abrogate it. *Trent* continues to provide relevant guidance on how to determine whether statutes are divisible. The court reviewed California case law and found that it does not require the jury to agree on which controlled substance the defendant possessed. *Trent*, 767 F.3d at 1059-60. In *Ross v. Municipal Court*, 49 Cal.App.3d 575 (1975), a defendant was charged with using and being under the influence of a controlled substance. He challenged the complaint because it did not identify the controlled substance. The court held that the complaint was adequate even though "it did not tell [the defendant] the means by which he committed the crime." *Id*. In a prior case, the California court did not have to decide whether the defendant had sold mescaline or had sold LSD because the defendant "was guilty of a single offense, sale of a controlled substance." *Id*. *Trent* agreed with the California state court that pleading a particular controlled substance "does not transmute the offense of possession of a controlled substance into as many different offenses as there are controlled substances." *Id*.

*Mathis* does not affect the analysis that a court undertakes to determine divisibility. Rather, *Mathis* clarifies the proper application of the categorical approach and modified categorical approach by identifying the difference between divisible and indivisible statutes. *Mathis* reaffirmed the strict application of the categorical approach, and made it clear that when a statute lists alternative facts, the statute is not divisible. If, however, the facts listed in the statute are elements of distinct crimes and not alterative means for committing a single crime, the modified categorical approach must apply.

When Mr. Almanza-Vigil was convicted for Distribution of a Controlled Substance – Schedule II (Methamphetamine), the Colorado Revised Statute § 18-18-405 stated, "it is unlawful for any person knowingly to manufacture, dispense, sell, distribute, possess, or to possess with intent to manufacture, dispense, sell or distribute a controlled substance…." This is an alternatively phrased statute. The plain language of the statute makes it clear that the statute sets out multiple, separate crimes, and not means for committing a single crime. *Mathis* provides inquiries beyond a plain language reading of the statute to determine whether alternatively phrased statutes set forth different elements or means: (1) look to state law; (2) look to the statute itself to see if statutory alternatives carry different punishments; and (3) look to the record of the prior conviction. *Mathis*, 136 S. Ct. at 2256. These three alternative methods show that the Colorado statute is a divisible statute that sets forth elements, not means.

       1.     *State law shows that the statute is divisible.*

State law strongly suggests that the Colorado statute is divisible. Mr. Almanza-Vigil cites *People v. Thurman*, 948 P.2d 69 (Colo. Ct. App. 1997) to argue that distribution of a controlled substance and possession of a controlled substance are alternative means of committing the same crime, rather than separate crimes with separate elements. (Doc. 75 at 7-8.) In *Thurman*, however, the defendant appealed from "a judgment of conviction entered upon a jury verdict finding him guilty of distribution of a controlled substance, possession of a controlled substance, *and* conspiracy to distribute a controlled substance." *Thurman*, 948 P.2d at 72 (emphasis added). These crimes are separately listed as alternative items in the statute. The *Thurman* defendant was convicted of three separate crimes derived from the alternatively phrased items. This shows that the statute lists elements, not means. The elements of the convictions were not multiple ways to commit the same statutory crime in *Thurman*, nor are they in this case. The Colorado Court of

Appeals held that the *Thurman* defendant could be found guilty of both distribution and possession even though both offenses are contained in the same statute. *Id*.

Colorado law sets forth different punishments for the different statutory alternatives in the statute. This further demonstrates that the alternatively listed items in the statute are elements, not means. In *Mathis*, the Supreme Court held that "[i]f statutory alternatives carry different punishments, then under *Apprendi* they must be elements." *Mathis*, 136 S. Ct. at 2256. The statute specifically makes a distinction between classes of felonies, and therefore between the punishments for those same felonies. Colo. Rev. Stat. Ann. § 18-18-405(2)(a) (1992). Colorado law has different lengths of imprisonment for the different levels of felony. Colo. Rev. Stat. § 18-1.3-401(1)(a)(V)(A). The Colorado statute sets forth multiple, distinct crimes with different penalties, so the statute is divisible, and the modified categorical approach is appropriately applied.

### 2. *The statutory alternatives carry different punishments.*

Further, under Colorado law, statutory punishments change depending upon the type of drug. *See* Colo. Rev. Stat. Ann. § 18-180405(2)(a)(1) (1992) (listing felony classifications for schedule I and schedule II drug offenses); Colo. Rev. Stat. § 18-18-405(2)(a)(II) (1992) (listing felony classification for schedule III drug offenses); Colo. Rev. Stat. § 18-18-405(2)(a)(III) (1992) (listing felony classification for schedule V drug offenses). Because the punishments change according to felony level, drug type is a fact that must be proved beyond a reasonable doubt to a jury. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Hence, drug type is an element and not a means. *Mathis* held that if statutory alternatives carry different punishments, then they must be elements. *Mathis*, 136 S. Ct. at 2256. The Colorado statute applies different punishments for different drug types, so the drug type constitutes an element of the offense. The

modified categorical approach is appropriate in Mr. Almanza-Vigil's case. In *Mathis*, the Supreme Court held that "[e]lements are the constituent parts of a crime's legal definition—the things the prosecution must prove to sustain a conviction. At a trial, they are what the jury must find beyond a reasonable doubt to convict the defendant." *Id*. at 2248 (internal quotation marks and citations omitted). Under Colorado's felony and punishment statutory structure, drug type must be proved at trial beyond a reasonable doubt. Drug type is an element, not means or an example of how the crime could be commissioned.

### 3. The record of prior conviction shows that the statute was divisible.

The record of prior conviction also shows that the Colorado statute is a divisible statute, and therefore eligible for the modified categorical approach. In *Mathis*, the Supreme Court held that "if state law fails to provide clear answers, federal judges have another place to look: the record of a prior conviction itself." *Mathis*, 136 S. Ct. at 2256. Here, the state law is clear, but even if it were not, the record of prior conviction shows that the statute is divisible. The Supreme Court held that an indictment and jury instructions can also prove a statute's divisibility when they reference one alternative term to the exclusion of the others when the statute contains a list of elements and each goes toward a separate crime. *Id* at 2257.

The charging document related to Mr. Almanza-Vigil's criminal conviction for a violation of Colorado Revised Statute § 18-18-405 states:

> **COUNT 1 – DISTRIBUTION OF A CONTROLLED SUBSTANCE – SCHEDULE II (F-3)**
> On or [a]bout **September 15, 2006, Oscar Almanza-Vigil** unlawfully, feloniously, and knowingly sold or distributed **METHAMPHETAMINE**, a schedule II controlled substance; in violation of section 18-18-405(1),(2)(a)(I)(A), C.R.S.

(Doc. 32-3 at 3.) The charging document excludes the other alternative items in the Colorado statute and specifically lists the drug type and class of felony. Mr. Almanza-Vigil was

specifically convicted of Distribution of Methamphetamine, and the statute he was convicted under lists elements, not means. It is a divisible statute, and the modified categorical approach is applicable.

> 4. *Courts of appeal have applied the modified categorical approach to the relevant Colorado statute.*

The Tenth and Fifth Circuits have applied the modified categorical approach when evaluating the text of Colorado Revised Statute § 18-18-405. In *United States v. Torres-Romero*, the Tenth Circuit looked at the prior version of the statute to determine whether a violation of that statute triggered an enhancement under USSG § 2L 1.2(b). *United States v. Torres-Romero*, 537 F.3d 1155, 1158 (10th Cir. 2008). Colorado Revised Statute § 18-18-105 (1990) was repealed in 1992 and redesignated as Colorado Revised Statute § 18-18-405. The Tenth Circuit applied the modified categorical approach in analyzing the prior version of the statute because it "reached a broad range of conduct, some of which constituted a 'drug trafficking offense,' but also simple possession, which did not." *Id*. The modified categorical approach is likewise appropriate when reviewing Mr. Almanza-Vigil's conviction under Colorado Revised Statute § 18-18-405. The Fifth Circuit conducted a similar analysis when evaluating the text of Colorado Statute § 18-18-405. In *United States v. Flores-Meras*, the court evaluated the statute to determine whether a violation of the statute triggered an enhancement under USSG § 2L1.2(b). *United States v. Flores-Meras*, 234 F. App'x 307, 308 (5th Cir. 2007) (unpublished). The Fifth Circuit applied the modified categorical approach when it looked to other pieces of evidence such as the charging document, plea agreement, and the plea colloquy transcript to determine whether the conviction was for conduct covered under the guideline's definition. *Id*. at 309. The

charging documents in Mr. Almanza-Vigil's case show that the statute is divisible. Accordingly, the modified categorical approach is appropriate in this case.

### B. DHS did not prejudice Mr. Almanza-Vigil when it classified the underlying conviction as an aggravated felony.

Mr. Almanza-Vigil has not provided a factual basis for showing that the ultimate DHS decision was fundamentally unfair. The legal reasoning remains the same as in the prior orders dismissing Mr. Almanza-Vigil's motions to dismiss the indictment. Even if DHS had erred in its determination that Mr. Almanza-Vigil's crime was an aggravated felony, he would not have suffered prejudice, and thus cannot challenge the underlying deportation order. To establish prejudice, Mr. Almanza-Vigil must prove a "reasonable probability that [the defendant] would have received a waiver from deportation had he applied for one." *Aguirre-Tello*, 353 F.3d at 1201. Because Mr. Almanza-Vigil's conviction involved a controlled substance, he was subject to removal pursuant to 8 U.S.C. § 1227(a)(2)(B). Mr. Almanza-Vigil could have avoided deportation only through discretionary relief. A showing of prejudice is especially difficult in the context of discretionary relief. *Id.* at 1209 n.8 (citing an Eleventh Circuit case that determined a noncitizen's "actual chances of receiving….suspension of deportation…are too speculative, and too far beyond the capability of judicial review, to conclude that the alien has actually suffered prejudice from being ineligible for suspension of deportation").

Mr. Almanza-Vigil does not overcome his burden to show reasonable probability that DHS would have granted discretionary relief. In light of Mr. Almanza-Vigil's conviction involving distribution of methamphetamine, it is "too speculative" for the Court to determine whether Mr. Almanza-Vigil would have received an "act of grace" in the form of discretionary relief. *See Aguirre-Tello*, 353 F.3d at 1209 n.8. Insufficient evidence exists to establish a

reasonable likelihood of discretionary relief in this circumstance. As a result, Mr. Almanza-Vigil cannot show that his removal proceeding was fundamentally unfair.

## IV.     CONCLUSION

The Supreme Court's holding in *Mathis* does not benefit Mr. Almanza-Vigil's original claim in his first two motions to dismiss the indictment. In fact, the holding in *Mathis* lends further support for the finding that Colorado Revised Statute § 18-18-405 is divisible, and thus eligible to be reviewed using the modified categorical approach. Mr. Almanza-Vigil cannot collaterally attack his underlying removal order because the entry of the final administrative removal order against him was not fundamentally unfair.

For all of the forgoing reasons,

**IT IS ORDERED THAT:**

>Defendant Mr. Almanza-Vigil's Second Motion to Reconsider His Motion to Dismiss the Indictment is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**